**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

STEVEN ESTLE, MARGARET AHLDERS,
LANCE SALONIA, and CHERYL WITMER,

                Plaintiffs,

v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                Defendant.

Case No. 1:19-cv-02729 (PGG)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

    I.    THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM BECAUSE OWBPA IS INAPPLICABLE TO PLAINTIFFS' WAIVERS .......... 5

    II.   THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM BECAUSE THE FAA FORECLOSES PLAINTIFFS' INTERPRETATION OF OWBPA ................................................................... 10

CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

Page

**CASES**

*14 Penn Plaza LLC v. Pyett*,
  556 U.S. 247 (2009) .................................................................................................... passim

*Alharbi v. Miller*,
  368 F. Supp. 3d 527 (E.D.N.Y. 2019) ................................................................................ 4

*Am. Ex. Co. v. Italian Colors Rest.*,
  570 U.S. 228 (2013) ............................................................................................ 2, 7, 10, 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 4

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) .................................................................................................... 10, 11

*CompuCredit Corp. v. Greenwood*,
  565 U.S. 95 (2012) ...................................................................................................... 11, 12

*Dettelis v. Sharbaugh*,
  919 F.3d 161 (2d Cir. 2019) ............................................................................................... 3

*Epic Sys. Corp. v. Lewis*,
  --- U.S. ---, 138 S. Ct. 1612 (2018) ..................................................................... 2, 10, 11, 12

*Gilmer v. Interstate/Johnson Lane Corp.*,
  500 U.S. 20 (1991) .......................................................................................................... 2, 7

*Hart v. Canadian Imperial Bank of Commerce*,
  43 F. Supp. 2d 395 (S.D.N.Y. 1999) ................................................................................. 5

*Horowitz v. AT&T Inc.*,
  2018 WL 1942525 (D.N.J. Apr. 25, 2018), *opinion clarified on denial of
  reconsid.*, 2019 WL 77306 (D.N.J. Jan. 2, 2019) ..................................................... 1, 5, 7, 10

*Lamps Plus, Inc. v. Varela*,
  --- U.S. ---, 139 S.Ct. 1407 (2019) .................................................................................... 11

## TABLE OF AUTHORITIES
(continued)

Page

*Marzullo v. Beekman Campanile, Inc.*,
   2010 WL 11506402 (S.D.N.Y. July 27, 2010) ............................................................................4

*McLeod v. Gen. Mills, Inc.*,
   856 F.3d 1160 (8th Cir. 2017) ..........................................................................1, 5, 7, 10

*Schappert v. Bedford, Freeman & Worth Pub. Grp., LLC*,
   2004 WL 1661073 (S.D.N.Y. July 23, 2004) ..........................................................................5, 6

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*,
   659 F.3d 234 (2d Cir. 2011) ..................................................................................................6

*Spain v. Ball*,
   928 F.2d 61 (2d Cir. 1991) (*per curiam*) ............................................................................4

*Sutherland v. Ernst & Young LLP*,
   726 F.3d 290 (2d Cir. 2013) ..............................................................................................6, 9

**STATUTES**

29 U.S.C. § 216(b) ..............................................................................................................6, 8, 9

29 U.S.C. § 626 .........................................................................................................................9

29 U.S.C. § 626(b) ....................................................................................................................8

29 U.S.C. § 626(c) ....................................................................................................................8

29 U.S.C. § 626(f) .............................................................................................................passim

Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ..........................................................2, 10, 11, 12

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) .............................................................................3, 4

## **INTRODUCTION**

Plaintiffs are former IBM employees who separated as part of a reduction in force and signed severance agreements in which they agreed to arbitrate, individually, any claims arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. Despite their promise and the numerous benefits they received for it, Plaintiffs now claim that their agreements' collective action waivers are invalid under the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f), which amended the ADEA to impose specific requirements on agreements that waive a "right or claim." Plaintiffs' First Amended Complaint, however, is entirely foreclosed by binding U.S. Supreme Court precedent.

In *14 Penn Plaza LLC v. Pyett*, the Supreme Court held that OWBPA's "right or claim" language means a "substantive right," not a procedural right. 556 U.S. 247, 259, 265-66 (2009). The Court ultimately concluded that the "right" to litigate in federal court—which implicates the Seventh Amendment civil jury trial right—was *not* a substantive right within OWBPA's scope. The plaintiff's substantive right to be free from workplace age discrimination and to bring an enforcement action remained intact regardless of whether a court or arbitrator heard the claim.

The exact same rule and rationale foreclose Plaintiffs' claim here. Just as arbitration does not alter a plaintiff's substantive rights under the ADEA, joinder devices such as collective action procedures do not alter them. Plaintiffs' substantive rights are the same in individual actions and collective actions. For this reason, the only two courts that have considered whether collective action waivers are subject to OWBPA have held that they are not, citing *14 Penn Plaza. See McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1164-66 (8th Cir. 2017); *Horowitz v. AT&T Inc.*, 2018 WL 1942525, at *18-19 (D.N.J. Apr. 25, 2018), *opinion clarified on denial of reconsid.*, 2019 WL 77306 (D.N.J. Jan. 2, 2019). Thus, this case begins and ends with *14 Penn*

*Plaza.* OWBPA's requirements do not apply to waivers of procedural joinder devices, like class or collective action waivers, meaning Plaintiffs' collective action waivers are valid.

In addition, Plaintiffs' First Amended Complaint fails because it would place OWBPA at odds with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* Plaintiffs' waivers are part of arbitration agreements governed by the FAA. As the Supreme Court has repeatedly held, the FAA requires federal courts to "rigorously" enforce arbitration agreements "according to their terms." *Am. Ex. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013). The Court has "specifically directed [courts] to respect and enforce the parties' chosen arbitration procedures," including ones calling for "individualized rather than class or collective action." *Epic Sys. Corp. v. Lewis*, --- U.S. ---, 138 S. Ct. 1612, 1621 (2018).

When confronted with proposed interpretations of federal statutes that would place them in conflict with the FAA—particularly ones that would have another federal statute mandating collective arbitration—the Supreme Court has "rejected *every* such effort to date." *Epic Sys.*, --- U.S. at ---, 138 S. Ct. at 1627 (emphasis in original); *see also Gilmer v. Interstate / Johnson Lane Corp.*, 500 U.S. 20, 32 (1991) (rejecting contention that "arbitration procedures cannot adequately further the purposes of the ADEA because they do not provide for . . . class actions"). Here, fatal to Plaintiffs' claims, the ADEA and OWBPA contain no language evidencing a clear congressional intent to apply those statutes to suspend the FAA's normal operations. To the contrary, the ADEA and OWBPA do not discuss arbitration at all. Accordingly, Plaintiffs' reading of OWBPA is foreclosed by the FAA. The Court should dismiss the First Amended Complaint with prejudice.

## BACKGROUND[1]

In May 2016, Plaintiffs separated from IBM as part of a reduction in force, known within the Company as a resource action. (*See* Dkt. 35 (First Am. Compl.) ¶¶ 13-16, 72.) Each also agreed to a Resource Action Separation Agreement. (*See id.* ¶¶ 74-76; Dkt. 35-1 (Separation Agreement).) Plaintiffs did *not* waive their right to bring ADEA claims against IBM. (First Am. Compl. ¶ 6.) Rather, in exchange for severance benefits and other consideration, Plaintiffs each agreed that they would submit any ADEA claims to arbitration. (*See id.* ¶ 22.) In addition, Plaintiffs agreed to arbitrate their claims individually, not collectively. (*See* Dkt. 35-1 (Arbitration Procedure and Collective Action Waiver) at 4-6.) Specifically, the agreements provide:

> TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, YOU AND IBM AGREE THAT NO COVERED CLAIMS MAY BE INITIATED, MAINTAINED, HEARD, OR DETERMINED ON A MULTIPARTY, CLASS ACTION BASIS OR COLLECTIVE ACTION BASIS EITHER IN COURT OR IN ARBITRATION, AND THAT YOU ARE NOT ENTITLED TO SERVE OR PARTICIPATE AS A CLASS ACTION MEMBER OR REPRESENTATIVE, OR COLLECTIVE ACTION MEMBER OR REPRESENTATIVE, OR RECEIVE ANY RECOVERY FROM A CLASS OR COLLECTIVE ACTION INVOLVING COVERED CLAIMS EITHER IN COURT OR ARBITRATION.

(*Id.* at 5 (capitalization in original).)[2]

---

[1] For purposes of this Motion only, and consistent with Federal Rule of Civil Procedure 12(b)(6), IBM assumes the truth of facts pleaded in the First Amended Complaint. *See, e.g., Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019).

[2] *See also* Dkt. 35-1 (Resource Action Separation Agreement) at 1 (providing that "[t]his Agreement . . . requires you to arbitrate certain claims on an individual basis"); *id.* ("you agree that if you choose to pursue certain claims . . . then such claims must be submitted to arbitration on an individual basis as provided below"); *id.* at 2 (providing that ADEA claims "are subject to arbitration on an individual basis"); *id.* at 2 (stating that ADEA claims, among others, "will be resolved on an individual basis by private, confidential, final and binding arbitration").

3

On March 27, 2019, Plaintiffs initiated this action. (*See* Dkt. 1.) On July 31, 2019, IBM served Plaintiffs with a motion to dismiss their initial complaint. In response, on August 9, 2019, Plaintiffs filed a First Amended Complaint. (*See* Dkt. 35, First Am. Compl.) In it, Plaintiffs continue to allege that their collective action waivers, but not their underlying arbitration agreements, are invalid under OWBPA. (*See* First Am. Compl. ¶¶ 45-51.) They contend that IBM did not provide them with the "comparator information" required when an employee waives a "right or claim" under OWBPA. (*See id.*) Plaintiffs seek a declaration that the waivers are unenforceable (*see id.* ¶ 88(a)), and an injunction barring IBM from enforcing them "in any forum in the United States, including in any arbitration, this action, or in any court action" (*id.* ¶ 88(b)).

## ARGUMENT

This Court should dismiss Plaintiffs' First Amended Complaint with prejudice. Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotes and cites omitted). In other words, the complaint must plausibly allege that the defendant engaged in conduct that "actually constitute[s] a violation of law." *Alharbi v. Miller*, 368 F. Supp. 3d 527, 560 (E.D.N.Y. 2019); *see also Marzullo v. Beekman Campanile, Inc.*, 2010 WL 11506402, at *2 (S.D.N.Y. July 27, 2010) ("If Defendant is correct that it should prevail as a matter of law, it has a proper Rule 12(b)(6) motion."). Where a plaintiff's claim is foreclosed as a matter of law, it should be dismissed with prejudice. *See Spain v. Ball*, 928 F.2d 61, 62 (2d Cir. 1991) (*per curiam*) (theory of liability that was foreclosed by binding precedent "should have been dismissed with prejudice"). Under these standards, Plaintiffs' First Amended Complaint fails.

4

I.  **THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM BECAUSE OWBPA IS INAPPLICABLE TO PLAINTIFFS' WAIVERS.**

Plaintiffs' First Amended Complaint does not state a viable claim because Plaintiffs did not waive a "right or claim" for purposes of OWBPA. Therefore, IBM was not required to provide Plaintiffs their requested OWBPA disclosures.

OWBPA provides that "[a]n individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary." 29 U.S.C. § 626(f)(1). It further states that a waiver of a "right or claim" is not "knowing and voluntary" unless the employer satisfies a number of requirements. Relevant to Plaintiffs' First Amended Complaint is a requirement that the employer provide the employee with demographic information about the individuals in the "organizational unit" in which a reduction in force would take place. *See id.* § 626(f)(1)(H). IBM did not provide Plaintiffs that information as part of the severance agreements.

The law is well settled, however, that OWBPA's "right or claim" language means a "substantive right" under the ADEA and that OWBPA's requirements do not apply to waivers of procedural rights. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 259, 265-66 (2009); *see also McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1164-66 (8th Cir. 2017) (citing *14 Penn Plaza*, holding that OWBPA "refers narrowly to waiver of *substantive* ADEA rights or claims"); *Horowitz v. AT&T Inc.*, 2018 WL 1942525, at *18-19 (D.N.J. Apr. 25, 2018), *opinion clarified on denial of reconsid.*, 2019 WL 77306 (D.N.J. Jan. 2, 2019) (citing *14 Penn Plaza*, concluding that "§ 626(f)'s 'waiver' refers only to waiver of substantive ADEA rights or claims"). This has long been the rule in this Circuit, even before *14 Penn Plaza*. *See, e.g., Schappert v. Bedford, Freeman & Worth Pub. Grp., LLC*, 2004 WL 1661073, at *10 (S.D.N.Y. July 23, 2004) (holding that "OWBPA's requirements do not apply to procedural rights"); *Hart v. Canadian Imperial*

5

*Bank of Commerce*, 43 F. Supp. 2d 395, 400 (S.D.N.Y. 1999) (holding that "this provision refers only to substantive rights—not procedural").

In *14 Penn Plaza*, the Supreme Court compelled arbitration of ADEA claims on the ground that the parties had expressly agreed to arbitrate those claims. The Court rejected the argument that the arbitration provision constituted a prospective waiver of the employees' rights in violation of OWBPA's 29 U.S.C. § 626(f)(1)(C), reasoning that "[t]he decision to resolve ADEA claims by way of arbitration instead of litigation does not waive the statutory right to be free from workplace age discrimination." 556 U.S. at 265-66. Rather, it waives "only the right to seek relief from a court in the first instance." *Id.*; *see also Schappert*, 2004 WL 1661073, at *10 ("OWBPA's requirements do not apply to procedural rights such as the right to a jury trial.").

Like a waiver of the judicial forum, a collective action waiver implicates only procedure, not a substantive, statutory right. A collective action is a "procedural mechanism" to aggregate claims. *See, e.g.*, *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 296–97, 297 n.6 (2d Cir. 2013) (rejecting contention that 29 U.S.C. § 216(b) "creates a 'right' to bring a collective action"); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244 (2d Cir. 2011) (describing the "procedural mechanisms available under 29 U.S.C. § 216(b)"). The joining of separate claims does not abridge or enlarge each individual's substantive rights; it merely enables the arbitrator or court to consider claims of multiple parties in one proceeding. But whether proceeding through a collective or individual action, each party's underlying ADEA rights and claims remain intact and the same. Therefore, for the same reasons the Supreme Court concluded that waiver of a judicial forum does not waive a substantive right, waiver of a procedural aggregation mechanism does not waive a substantive right under OWBPA or trigger

6

its disclosure requirements. *See McLeod*, 856 F.3d at 1164-66 (finding OWBPA inapplicable to agreement waiving "class action" procedures, since it applies only to a "waiver of *substantive* ADEA rights or claims"); *Horowitz*, 2018 WL 1942525, at *18-19 (same); *cf. Am. Ex. Co. v. Italian Colors Rest.*, 570 U.S. 228, 237 (2013) (expressing "no qualms" when enforcing a class waiver in an arbitration agreement, even though the ADEA "permit[s] collective actions"); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991) (rejecting contention "that arbitration procedures cannot adequately further the purposes of the ADEA because they do not provide for . . . class actions").

In response to the pre-motion letter (Dkt. 28) that IBM filed before serving its motion to dismiss Plaintiffs' initial complaint, Plaintiffs argued (Dkt. 29 at 4) that the Supreme Court's analysis in *14 Penn Plaza* "does not govern this case," because their supposed "'right' under the ADEA to proceed with a collective arbitration . . . was not at issue" in that case. But the overarching legal rule the Court developed in *14 Penn Plaza*—OWBPA applies only to waivers of substantive rights—is broad and controlling. 556 U.S. at 259 (reasoning that the term "right" in § 626(f)(1) means "substantive right," and holding that an agreement to arbitrate is not subject to OWBPA requirements because it does not waive a right "as that term is employed"). A collective action is not a substantive right, only a procedural mechanism used to join multiple individual claims into one action. (*See supra* at 6-7.) Indeed, if anything, the right to bring one's claim in a federal court (which implicates the civil jury trial right of the Seventh Amendment) is arguably more of a substantive right than collective action joinder (which implicates no constitutional provision). Yet in *14 Penn Plaza*, the Supreme Court held the former not subject to OWBPA because it is a mere procedural rule, and here the same is true of the latter.

7

Plaintiffs nonetheless assert (Dkt. 29 at 3 n.3; First Am. Compl. ¶¶ 46-48) that collective actions are different because, in their view, the ADEA provides that collective actions are a right by virtue of that statute's incorporation of 29 U.S.C. § 216(b). Specifically, the ADEA's § 626(b) states that "[t]he provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in section[] . . . 216 . . . of this title . . . ." Title 29 U.S.C. § 216(b), which is part of the Fair Labor Standards Act ("FLSA"), provides in its relevant part that: (1) "[a]n action . . . may be maintained . . . in any Federal or State court of competent jurisdiction by any one or more employees for and [on] behalf of himself or themselves and other employees similarly situated;" (2) "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party;" and (3) "[t]he *right* provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, *shall terminate* upon the filing of a complaint by the Secretary of Labor." (emphasis added)

As an initial matter, Plaintiffs' position here falters because the specific FLSA § 216(b) provision on which Plaintiffs rely—the third noted above—was *not* incorporated into the ADEA. That FLSA language establishes when the right to bring a private wage-hour action *terminates*: "upon the filing of a complaint by the *Secretary of Labor*." 29 U.S.C. § 216(b) (emphasis added). Congress, however, adopted a different termination provision in the ADEA, and it displaces the cited provision in § 216(b). *See* 29 U.S.C. § 626(c)(1) ("Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: Provided, That the right of any person to bring such action shall *terminate* upon the commencement of an action by the *Equal Employment Opportunity Commission* to enforce the right of such employee under this chapter.") (emphasis

8

added). Further, as demonstrated by its language, the ADEA's termination provision makes crystal clear that the right at issue is the right to bring a private "civil action," not the right to proceed collectively in litigation.[3] *Id.*

But even accepting that the ADEA incorporates § 216(b)'s reference to a right (though, as shown, it does not), the Supreme Court's decision in *14 Penn Plaza* forecloses Plaintiffs' argument that this "right" cannot be waived except upon satisfaction of OWBPA requirements. Plaintiffs focus on FLSA § 216(b)'s reference to collective action, but the subsection generally provides for "action[s] . . . in any Federal or State court"—be they individual or collective suits—"to recover the liability prescribed." If, as Plaintiffs claim, § 216(b) defines rights that cannot be waived without adherence to OWBPA's requirements, the Supreme Court's holding in *14 Penn Plaza* is wrong. There, notwithstanding § 216(b)'s language, the Court held that an arbitration agreement—which waived plaintiffs' ability to bring an action "in any Federal or State court"—is not subject to OWBPA requirements. As between Plaintiffs and the U.S. Supreme Court, IBM respectfully submits that the latter is the better guide.

Finally, even in the FLSA context, the Second Circuit has squarely rejected the argument that § 216(b)'s reference to a "right" elevates collective actions into a *substantive* right. *See, e.g., Sutherland*, 726 F.3d at 297 n.6 ("explain[ing] that the procedural 'right' to proceed collectively presupposes, and does not create, a non-waivable, substantive right" (citation

---

[3] Plaintiffs' contention that the ADEA incorporates the FLSA's § 216(b) also fails because it is not consistent with OWBPA's language, which imposes requirements on waivers of a "right or claim under *this chapter*." 29 U.S.C. § 626(f)(1) (emphasis added). The ADEA is codified in Chapter 14 of Title 29 of the United States Code. But 29 U.S.C. § 216(b) is in Chapter 8. Thus, while the ADEA provides for enforcement using some of the FLSA's mechanisms, those mechanisms are not themselves part of the ADEA's Chapter 14. *Cf.* 29 U.S.C. § 626 ("The provisions of *this chapter* shall be enforced in accordance with the powers, remedies, and procedures *provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title*, and subsection (c) of this section.") (emphasis added).

9

omitted)). Clearly, therefore, even if it informed the interpretation of "right" under OWBPA (it does not), FLSA § 216(b)'s "right" language does not mean that collective actions are a substantive right for purposes of OWBPA (ADEA § 626(f)), as multiple courts have held. *See McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1164-66 (8th Cir. 2017); *Horowitz v. AT&T Inc.*, 2018 WL 1942525, at *18-19 (D.N.J. Apr. 25, 2018), *opinion clarified on denial of reconsideration*, 2019 WL 77306 (D.N.J. Jan. 2, 2019).

## II. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM BECAUSE THE FAA FORECLOSES PLAINTIFFS' INTERPRETATION OF OWBPA.

The Court also should dismiss Plaintiffs' First Amended Complaint because Plaintiffs' interpretation of OWBPA would place that statute at odds with the Federal Arbitration Act. *See Epic Sys. Corp. v. Lewis*, --- U.S. ---, 138 S. Ct. 1612, 1619 (2018) (noting courts' "duty to interpret Congress's statutes as a harmonious whole rather than at war with one another"). For this additional reason, Plaintiffs' interpretation of OWBPA is necessarily incorrect.

Under the FAA, all components of Plaintiffs' arbitration agreements—including the collective action waivers—are enforceable. The FAA establishes "a liberal federal policy favoring arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345-46 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Applying it, the Supreme Court repeatedly has held that "courts must 'rigorously enforce' arbitration agreements according to their terms." *Am. Ex. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985)). The Court has "also specifically directed [courts] to respect and enforce the parties' chosen arbitration procedures." *Epic Sys.*, --- U.S. at ---, 138 S. Ct. at 1621.

Critically, the FAA "protect[s] pretty absolutely" provisions in arbitration agreements that call for use of "individualized rather than class or collective action procedures." *Id.* The

10

Supreme Court has held that courts cannot order a party to submit to class arbitration "unless there is a contractual basis for concluding that the party *agreed* to do so." *Lamps Plus, Inc. v. Varela*, --- U.S. ---, 139 S.Ct. 1407, 1412 (2019) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) (emphasis in original)). And it has held that the FAA preempts state laws that designate "collective-arbitration waivers" as "unconscionable" in certain contexts. *Concepcion*, 563 U.S. at 340, 352.

Further, when confronted with proposed interpretations of *federal* statutes that would place them in conflict with the FAA's mandates, the Court has "rejected *every* such effort to date." *Epic Sys.*, --- U.S. at ---, 138 S.Ct. at 1626 (emphasis in original). This is particularly so when the claim is that another federal statute requires collective arbitration procedures. *See, e.g., Italian Colors Rest.*, 570 U.S. at 233-34 (rejecting argument that there was conflict between the Sherman and Clayton Acts and the FAA that would "require[] [the Court] to reject the waiver of class arbitration"); *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 104 (2012) (holding that "[b]ecause the [Credit Repair Organization Act] is silent on whether claims under the Act can proceed in an arbitrable forum, the FAA requires the arbitration agreement to be enforced according to its terms"). For example, the Court has had "no qualms in enforcing a class waiver in an arbitration agreement even though the [ADEA] expressly permitted collective actions." *Italian Colors Rest.*, 570 U.S. at 237 (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991)).

Here, Plaintiffs "object to their agreements precisely because they require individualized arbitration proceedings instead of class or collective ones." *Epic Sys.*, --- U.S. at ---, 138 S.Ct. at 1622; *see also* First Am. Compl. ¶¶ 85-88. They would apply OWBPA to "attack[] (only) the individualized nature of the arbitration proceedings" called for in their arbitration agreements.

11

*Id.* Under controlling Supreme Court authority, however, this position faces "a stout uphill climb." *Id.* at 1624. Plaintiffs must demonstrate a "clear and manifest" congressional intent to apply OWBPA to "suspend" the FAA's "normal operations." *Id.* (internal cites and quotes omitted); *CompuCredit*, 565 U.S. at 98 (requiring plaintiffs to identify an expressly stated "contrary congressional command"). Further, they must overcome the "'strong presumption' that repeals by implication are 'disfavored' and that 'Congress will specifically address' preexisting law" when it intends to override the law with a later statute. *Epic Sys.*, --- U.S. at ---, 138 S. Ct. at 1624 (alterations omitted) (quoting *United States v. Fausto*, 484 U.S. 439, 452 (1988)).

Like the ADEA itself, OWBPA contains no express congressional command overriding the FAA and its command that arbitration agreements must be enforced rigorously and according to their terms. *See Epic Sys.*, --- U.S. at ---, 138 S.Ct. at 1624 ("Congress does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions —it does not, one might say, hide elephants in mouseholes") (internal cites and quotes omitted). To the contrary, neither OWBPA nor the ADEA addresses arbitration at all. *See* 29 U.S.C. § 621, *et seq.*; *id.* § 626(f). Accordingly, Plaintiffs' reading of OWBPA is foreclosed by the FAA, and for this additional reason OWBPA does not invalidate the collective action waivers contained in Plaintiffs' arbitration agreements.

## CONCLUSION

For the foregoing reasons, IBM respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice.

Dated: September 11, 2019 Respectfully Submitted,

By _____
Matthew W. Lampe
Traci L. Lovitt
Wendy C. Butler
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: 212.326.3939
Fax: 212.755.7306
mwlampe@jonesday.com
tlovitt@jonesday.com
wbutler@jonesday.com

Alison B. Marshall, *admitted pro hac vice*
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Tel: 202.879.3939
Fax: 202.626.1700
abmarshall@jonesday.com

Courtney L. Burks, *admitted pro hac vice*
JONES DAY
90 S. Seventh Street, Suite 4950
Minneapolis, MN 55402
Tel: 612.217.8874
Fax: 844.345.3178
cburks@jonesday.com

*Attorneys for Defendant International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing to be served on September 11, 2019 via email to all counsel of record at the addresses set forth below.

Jeffrey Neil Young
David G Webbert
Carol Garvan
Shelby Hannah Leighton
JOHNSON, WEBBERT & YOUNG LLP
160 Capitol St., Suite 3
PO Box 79
Augusta, ME 04330
jyoung@work.law
dwebbert@work.law
cgarvan@work.law
sleighton@work.law

Joseph M. Sellers
Shaylyn Cochran
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
jsellers@cohenmilstein.com
scochran@cohenmilstein.com

Michael Benjamin Eisenkraft
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street
14th Floor
New York, NY 10005
meisenkraft@cohenmilstein.com

Matthew W. Lampe