# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number:  (212) 326-8338
mwlampe@jonesday.com

July 23, 2020

VIA ECF

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

  Re: *Estle et al. v. International Business Machines Corp.*, No. 1:19-cv-02729-PGG (S.D.N.Y)

Dear Judge Gardephe:

   I write on behalf of Defendant International Business Machines Corp. and in response to Plaintiffs' July 20, 2020 Notice of Supplemental Authority (Dkt. 48).  In the Notice, Plaintiffs contend that *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020) supports their opposition to IBM's Motion to Dismiss (Dkts. 39 & 40).  Plaintiffs' position is incorrect.

   In *Bostock*, the Supreme Court addressed whether Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e–2(a)(1), prohibits employers from firing employees who are gay or transgendered.  The instant matter, however, does not involve the scope of Title VII.  Rather, Plaintiffs contend that their arbitration agreements' collective action waivers are invalid under the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626.  In response, IBM asked the Court to dismiss Plaintiffs' Complaint because the U.S. Supreme Court's decision in *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), and the plain terms of the OWBPA and of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.*, foreclose their claim.  Among other things, IBM showed that the Supreme Court has interpreted the OWBPA "right or claim" language at issue here, concluding that it encompasses only "substantive right[s]," not procedural mechanisms for pursuing substantive rights.  *14 Penn Plaza*, 556 U.S. at 259.  Further, relying on the ADEA's clear terms, IBM demonstrated that Congress did not incorporate into that statute the separate Fair Labor Standards Act provisions upon which Plaintiffs now seek to rely.  *Bostock* does not address these issues, or any other presented in IBM's Motion, and it does not undercut IBM's positions.

   To the contrary, if anything, *Bostock* supports IBM's Motion by reaffirming the interpretive approach that *14 Penn Plaza* took with the OWBPA.  In *Bostock*, the Supreme Court reminded that courts should interpret statues based upon their "plain terms."  *Bostock*, 140 S. Ct. at 1738.  That is precisely what the Supreme Court did over a decade ago in *14 Penn Plaza*.  It

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Paul G. Gardephe
July 23, 2020
Page 2

reached its conclusion that the OWBPA's "right or claim" language is limited to substantive rights by examining that phrase in context of the statute as a whole.  *See 14 Penn Plaza*, 556 U.S. at 259 (assessing the terms of 29 U.S.C. § 626(f)(1) in light of the terms of 29 U.S.C. § 626(f)(1)(C)).  The Supreme Court's holding as to the meaning of the phrase is and remains controlling, as IBM demonstrated in its Motion to Dismiss, and it is not something that Plaintiffs may dismiss as an "extratextual consideration[]" (Dkt. 48 at 1).

Very truly yours,

 */s/ Matthew W. Lampe*

Matthew W. Lampe

cc:  All counsel of record (by ECF)