**MANDATE**

1:19-cv-02729-PGG

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar 03 2022

## UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand twenty-two,

Before:     Pierre N. Leval,
            Robert D. Sack,
            Michael H. Park,
                 *Circuit Judges.*

_____

Steven Estle, Margaret Ahlders, Lance Salonia, Cheryl Witmer,

          Plaintiffs - Appellants,

v.

International Business Machines Corporation,

          Defendant - Appellee.

_____

**JUDGMENT**

Docket No. 20-3372

The appeal in the above captioned case from a judgment of the United States District Court for the Southern District of New York was argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the district court's judgment is AFFIRMED.

For the Court:
Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

**MANDATE ISSUED ON 03/03/2022**

20-3372
Estle v. Int'l Bus. Machs. Corp.

United States Court of Appeals
for the Second Circuit

August Term, 2021

(Argued: September 29, 2021    Decided: January 20, 2022)

Docket No. 20-3372

_____

STEVEN ESTLE, MARGARET AHLDERS,
LANCE SALONIA, CHERYL WITMER,

*Plaintiffs-Appellants,*

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

*Defendant-Appellee.*

_____

Before:

LEVAL, SACK, and PARK, *Circuit Judges.*

Plaintiffs are former IBM employees who entered into severance agreements in which they agreed not to join any collective actions against IBM asserting claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634. Plaintiffs sued IBM to challenge the validity of those collective-action waivers, arguing that they were not "knowing and voluntary" because IBM failed to make certain disclosures to Plaintiffs as required for the waiver of "any right or claim" under the ADEA. 29 U.S.C. § 626(f)(1). The district court (Gardephe, *J.*) granted IBM's motion to dismiss for failure to state a claim, and Plaintiffs appealed.

The result in this case follows directly from the Supreme Court's decision in *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009). There, the Court held that § 626(f)(1)

of the ADEA applied to "substantive right[s]," like "the statutory right to be free from workplace age discrimination," but not procedural ones, like "the right to seek relief from a court in the first instance." *Id.* at 259, 265–66 (citation omitted). Collective-action waivers, like arbitration clauses, address procedural, not substantive rights, and thus do not require special disclosures under § 626(f)(1) of the ADEA for their acceptance to be "knowing and voluntary." The district court correctly held that *14 Penn Plaza* governs this case and granted IBM's motion to dismiss Plaintiffs' complaint. We affirm.

DAVID G. WEBBERT, Johnson, Webbert & Garvan, LLP, Augusta, ME (Carol J. Garvan, Shelby Leighton, Johnson, Webbert & Garvan, LLP, Augusta, ME; Joseph M. Sellers, Shaylyn Cochran, Cohen Milstein Sellers & Toll PLLC, Washington, DC; Jeffrey Neil Young, Solidarity Law, Cumberland, ME, *on the brief*), *for Plaintiffs-Appellants*.

MATTHEW W. LAMPE, Jones Day, New York, NY (Traci L. Lovitt, Jones Day, New York, NY; Alison B. Marshall, Jones Day, Washington, DC, *on the brief*), *for Defendant-Appellee*.

PARK, *Circuit Judge*:

Plaintiffs are former IBM employees who entered into severance agreements in which they agreed not to join any collective actions against IBM asserting claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634. Plaintiffs sued IBM to challenge the validity of those collective-action waivers, arguing that they were not "knowing and voluntary" because IBM failed

1    to make certain disclosures to Plaintiffs as required for the waiver of "any right or

2    claim" under the ADEA.  29 U.S.C. § 626(f)(1).  The district court (Gardephe, *J.*)

3    granted IBM's motion to dismiss for failure to state a claim, and Plaintiffs

4    appealed.

5         The result in this case follows directly from the Supreme Court's decision in

6    *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009).  There, the Court held that § 626(f)(1)

7    of the ADEA applied to "substantive right[s]," like "the statutory right to be free

8    from workplace age discrimination," but not procedural ones, like "the right to

9    seek relief from a court in the first instance."  *Id*. at 259, 265–66 (citation omitted).

10   Collective-action waivers, like arbitration clauses, address procedural, not

11   substantive rights, and thus do not require special disclosures under § 626(f)(1) of

12   the ADEA for their acceptance to be "knowing and voluntary."  The district court

13   correctly held that *14 Penn Plaza* governs this case and granted IBM's motion to

14   dismiss Plaintiffs' complaint.  We affirm.

## I.  BACKGROUND

16   A.    <u>Facts</u>

17        In May 2016, Defendant IBM terminated Plaintiffs Steven Estle, Margaret

18   Ahlders, Lance Salonia, and Cheryl Witmer, all of whom were 56 or 57 years old

1    at the time, as part of a reduction in force.  IBM offered a severance package to

2    Plaintiffs that included a lump-sum payment equal to one month's salary, six to

3    twelve months of health and life insurance coverage, career counseling services,

4    and reimbursement for job-related skills training.  In exchange, each Plaintiff

5    agreed to sign a separation agreement containing a collective-action waiver, which

6    stated as follows:

> 7    TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW,
> 8    YOU AND IBM AGREE THAT NO COVERED CLAIMS MAY BE
> 9    INITIATED, MAINTAINED, HEARD, OR DETERMINED ON A
> 10   MULTIPARTY, CLASS ACTION BASIS OR COLLECTIVE ACTION
> 11   BASIS EITHER IN COURT OR IN ARBITRATION, AND THAT YOU
> 12   ARE NOT ENTITLED TO SERVE OR PARTICIPATE AS A CLASS
> 13   ACTION MEMBER OR REPRESENTATIVE, OR COLLECTIVE
> 14   ACTION MEMBER OR REPRESENTATIVE, OR RECEIVE ANY
> 15   RECOVERY FROM A CLASS OR COLLECTIVE ACTION
> 16   INVOLVING COVERED CLAIMS EITHER IN COURT OR
> 17   ARBITRATION.[1]

18

19   Each Plaintiff signed the separation agreement.

20

21   B.    <u>Procedural History</u>

22   Plaintiffs sued IBM in the United States District Court for the Southern

23   District of New York seeking a declaration that the collective-action waiver in the

---

[1] "Covered Claims" include claims under the ADEA, the West Virginia Human Rights Act, and "any and all claims or disputes that have not or cannot be released by private agreement as a matter of law."  *Estle v. Int'l Bus. Machs. Corp.*, 19-CV-2729 (S.D.N.Y.), Dkt. 35, Ex. 1.

1    separation agreement is invalid under the ADEA and an injunction barring IBM

2    from enforcing the waiver against Plaintiffs.  IBM moved to dismiss for failure to

3    state a claim under Federal Rule of Civil Procedure 12(b)(6), and the district court

4    granted the motion.  The district court relied on *14 Penn Plaza* to conclude that—

5    "for purposes of Section 626(f)—'right' means a 'substantive right'" and, because

6    it determined that "the right to bring a collective action is not a substantive right,"

7    the district court held that "Plaintiffs' collective action waiver does not waive a

8    'right' for purposes of Section 626(f) . . . ."  App'x at 39–40.  Plaintiffs timely

9    appealed.

## II. DISCUSSION

A.    <u>Standard of Review</u>

12    "We review the grant of a Rule 12(b)(6) motion to dismiss *de novo*.  We accept

13    the factual allegations as true and draw all reasonable inferences in favor of the

14    plaintiff."  *Specht v. City of New York*, 15 F.4th 594, 599 (2d Cir. 2021) (cleaned up).

B.    <u>Statutory Requirements</u>

16    The ADEA generally prohibits employment discrimination on the basis of

17    an employee's age.  *See* 29 U.S.C. § 623.  In 1990, Congress amended the ADEA by

18    passing the Older Workers Benefit Protection Act ("OWBPA"), which provides

1   that "[a]n individual may not waive any right or claim under [the ADEA] unless

2   the waiver is knowing and voluntary." *Id.* § 626(f)(1).  And "if a waiver is

3   requested in connection with an exit incentive or other employment termination

4   program offered to a group or class of employees," the employer must provide

5   certain information to the individual for the waiver to be "knowing and

6   voluntary." *Id.* § 626(f)(1), (f)(1)(H).  Specifically, this information consists of:

7       (i) any class, unit, or group of individuals covered by such program,
8       any eligibility factors for such program, and any time limits
9       applicable to such program; and
10
11      (ii) the job titles and ages of all individuals eligible or selected for the
12      program, and the ages of all individuals in the same job classification
13      or organizational unit who are not eligible or selected for the
14      program.
15
16  *Id.* § 626(f)(1)(H)(i)–(ii).

17      IBM did not provide Plaintiffs with this information before they signed the

18  separation agreement containing the collective-action waiver.  That waiver is

19  enforceable, then, only if "any right or claim" in § 626(f)(1) does not include the

20  ability to initiate or participate in collective actions under the ADEA.

21  C.   *14 Penn Plaza*

22      Our analysis in this case flows directly from the Supreme Court's decision

23  in *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009).  The issue there was "whether a

1    provision in a collective-bargaining agreement that clearly and unmistakably

2    requires union members to arbitrate claims arising under the [ADEA] is

3    enforceable." *Id.* at 251. The Court held that it was. *See id.* at 274. In reaching that

4    holding, the Court rejected the respondents' argument that a union cannot waive

5    its members' right to a judicial forum because "an individual employee must

6    personally 'waive' a '[substantive] right' to proceed in court for a waiver to be

7    'knowing and voluntary' under the ADEA." *Id.* at 259 (alteration in original)

8    (citation omitted). The Court determined that the respondents' argument was

9    "incorrect[]," reasoning that the "knowing and voluntary" waiver requirements of

10    § 626(f)(1) did not apply because an "agreement to arbitrate ADEA claims is not

11    the waiver of a 'substantive right' as that term is employed in the ADEA." *Id.* at

12    259 (citation omitted).

13        The Court elaborated on the distinction between "substantive right[s]" and

14    non-substantive, or procedural rights, as it distinguished *14 Penn Plaza* from

15    *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), which had "erroneously

16    assumed that an agreement to submit statutory discrimination claims to

17    arbitration was tantamount to a waiver of those rights." *14 Penn Plaza*, 556 U.S. at

18    265. The Court explained that *Gardner-Denver*

1     was correct in concluding that federal antidiscrimination rights may
2     not be prospectively waived, *see* 29 U.S.C. § 626(f)(1)(C) . . . but it
3     confused an agreement to arbitrate those statutory claims with a
4     prospective waiver of the substantive right.  The decision to resolve
5     ADEA claims by way of arbitration instead of litigation does not
6     waive the statutory right to be free from workplace age
7     discrimination; it waives only the right to seek relief from a court in
8     the first instance.

10 *Id.* at 265–66.  The Court thus construed the phrase "right or claim" in § 626(f)(1)

11 and one of its subparts to mean "substantive right," which includes "federal

12 antidiscrimination rights" and "the statutory right to be free from workplace age

13 discrimination," as distinguished from procedural rights, like "the right to seek

14 relief from a court in the first instance."  *Id.* at 259, 265–66 (citation omitted).

15       The result in this case is governed by *14 Penn Plaza*: The phrase "right or

16 claim" as used in § 626(f)(1) is limited to substantive rights and does not include

17 procedural ones.   And collective action, like arbitration, is a "procedural

18 mechanism," not a substantive right.  *Sutherland v. Ernst & Young LLP*, 726 F.3d

19 290, 297 n.6 (2d Cir. 2013) (cleaned up) (reiterating that the "right" to proceed

20 collectively under the Fair Labor Standards Act of 1938 ("FLSA"), *see* 29 U.S.C.

21 § 216(b), which the ADEA incorporates, *see* 29 U.S.C. § 626(b), is a "procedural

22 'right'"); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393,

23 408 (2010) (plurality opinion) (holding that rules of civil procedure allowing

1   multiple claims to be litigated together "neither change plaintiffs' separate

2   entitlements to relief nor abridge defendants' rights; they alter only how the claims

3   are processed").  A collective-action waiver is thus not a waiver of any "right or

4   claim" under the ADEA that triggers the requirements of 29 U.S.C. § 626(f)(1).

5   Plaintiffs may still bring ADEA age discrimination claims individually, and the

6   fact that they may not pursue them as collective actions does not mean that they

7   have waived the substantive rights or claims themselves.

8        Plaintiffs argue that the Supreme Court's interpretation of § 626(f)(1) in

9   *14 Penn Plaza* is nonbinding dicta.  We disagree.  For one, the Court's interpretation

10   of § 626(f)(1) was essential to distinguishing its holding in *14 Penn Plaza* from its

11   earlier, incorrect dicta in *Gardner-Denver*, as explained above.  Further, the Court's

12   determination that the requirements of § 626(f)(1) did not apply to waivers of

13   procedural rights was necessary to its conclusion that a collective bargaining

14   agreement's prospective waiver of union members' right to bring ADEA claims in

15   court is enforceable.  If the "knowing and voluntary" waiver requirements applied

16   to both substantive and procedural rights, the union-negotiated arbitration

17   agreement would have been unenforceable because it was not made by the

18   individual and it was prospective.  *See* 29 U.S.C. § 626(f)(1)(A) ("[A] waiver may

1    not be considered knowing and voluntary unless . . . [it] is part of an agreement

2    between the individual and the employer . . . . "); *id.* § 626(f)(1)(C) (prohibiting

3    "waive[r of] rights or claims that may arise after the date the waiver is executed");

4    *14 Penn Plaza*, 556 U.S. at 259 ("[E]ven a waiver signed by an individual employee

5    would be invalid as [§ 626(f)(1)] also prevents individuals from 'waiv[ing] rights

6    or claims that may arise after the date the waiver is executed.'" (third alteration in

7    original) (citation omitted)).[2]

8         We see no reason to deviate from the Court's unambiguous interpretation

9    of § 626(f)(1), which is consistent with the decision of every court of appeals to

10   consider the issue.  *See Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 170

11   F.3d 1, 13–14 (1st Cir. 1999); *Seus v. John Nuveen & Co.*, 146 F.3d 175, 181–82 (3d Cir.

12   1998), *overruled on other grounds by Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S.

13   79 (2000); *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 660–61 (5th Cir. 1995);

14   *McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1164–66 (8th Cir. 2017); *Caley v. Gulfstream*

15   *Aerospace Corp.*, 428 F.3d 1359, 1373 n.15 (11th Cir. 2005).[3]

---

[2] Even if the Court's interpretation were dicta, we would be obligated to give it "great deference."  *United States v. Harris*, 838 F.3d 98, 107 (2d Cir. 2016) ("[W]e are obligated to accord great deference to Supreme Court *dicta*, absent a change in the legal landscape." (cleaned up)).

[3] We also grant IBM's motion to strike Plaintiffs' argument, presented for the first time in their reply brief, that *14 Penn Plaza* is distinguishable because "it was limited in scope to *pre-*

1    D.    Statutory Interpretation

2        Finally, we are unpersuaded by Plaintiffs' remaining arguments.  Plaintiffs

3    argue that the plain meaning of "*any* right or claim" in § 626(f)(1) is not limited to

4    "substantive" rights and must include collective action, which the ADEA

5    "explicitly identifies" as a right.  Appellants' Reply Br. at 16.  They point to

6    29 U.S.C. § 626(b), which incorporates a provision of the FLSA providing that "[a]n

7    action to recover the liability prescribed [under the FLSA] may be maintained

8    against any employer . . . by any one or more employees for and in behalf of

9    himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).

10   That same subsection then states that "[t]he right provided by this subsection to

11   bring an action by or on behalf of any employee, and the right of any employee to

12   become a party plaintiff to any such action, shall terminate upon the filing of a

13   complaint by the Secretary of Labor."  *Id.*

14       Plaintiffs' argument based on the ADEA's apparent endorsement of a right

15   to collective action is unpersuasive.  After all, the ADEA also identifies a right to a

16   jury trial.  *See* 29 U.S.C. § 626(c)(2) ("a person shall be entitled to a trial by jury");

---

*dispute* arbitration agreements, which are by definition not implicated by the OWBPA's disclosure requirements . . . at issue here."  Appellants' Reply Br. at 6–8.  "[A]rguments not made in an appellant's opening brief are waived even if the appellant . . . raised them in a reply brief."  *JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

1   *Lehman v. Nakshian*, 453 U.S. 156, 162 (1981), *superseded by statute on other grounds*,

2   42 U.S.C. § 1981A(c)(1) (stating that § 626(c) provides a "statutory right to a jury

3   trial"). Nevertheless, the Court in *14 Penn Plaza* construed "right or claim" in

4   § 626(f)(1) as referring to substantive rights and concluded that they did not

5   include the right to a judicial forum and hence did not include a right to a jury

6   trial. *See* 556 U.S. at 259, 265–66. To the extent that the ADEA also identifies a

7   collective-action right, Plaintiffs fail to explain why it should be treated differently

8   from the right to a jury trial.

9       Plaintiffs' appeal to legislative purpose is likewise unavailing. Plaintiffs

10  have pointed to nothing in the legislative history showing a clear intention of

11  Congress that would support a result other than the one we reach here.

12                              **III. CONCLUSION**

13      For the reasons set forth above, the district court's judgment is affirmed.[4]

---

[4] In light of our holding, we need not reach IBM's argument in the alternative that Plaintiffs' interpretation conflicts with the Federal Arbitration Act.